Case No. EDCV 17-02022-CJC(SHKx)            Date: November 17, 2017

Title: <u>GW SAN DIEGO PROPERTIES, LLC V. CARLOS E. VERA, *ET AL.*</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| <u>Melissa Kunig</u> | <u>N/A</u> |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                     None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for November 27, 2017, at 1:30 p.m. is hereby vacated and off calendar.

Before the Court is Plaintiff's motion to remand this case to Riverside Superior Court. (Dkt. 8.) Defendants have not filed an opposition to this motion. (*See generally* docket entries.)[1] Plaintiff filed this unlawful detainer action in Riverside Superior Court on June 27, 2017. (Dkt. 1 Ex. A.) Defendants removed the action on October 3, 2017. (Dkt. 1 [Notice of Removal].)[2] The Court **GRANTS** Plaintiff's motion to remand as the Court lacks subject matter jurisdiction over the instant case.

---

[1] Failure to file an opposition within the deadline may be deemed consent to the granting or denial of the motion. L.R. 7-12.

[2] Defendants removed this action long after the 30 day deadline to file a motion to remove the action passed. *See* 28 U.S.C. § 1441. Defendants' Notice of Removal states that it was timely filed given that "defendant has not been properly served with a copy of the state summons and complaint." (Dkt. 1.)

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (quoting *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 280 (1918)). Generally, where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. *Id.*; *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006); *Gaus*, 980 F.2d at 566-67. "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta Crop Prot.*, 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

From a review of the Notice of Removal and the state court records provided, it is evident that the Court lacks subject matter jurisdiction over the instant case. The underlying action is an unlawful detainer proceeding, arising under and governed by the laws of the State of California. The Complaint does not include any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Rather, removing Defendants asserted that the affirmative defenses at issue give rise to federal question jurisdiction. However, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). An "affirmative defense based on federal law" does not "render[] an action brought in state court removable." *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994). A "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 14 (1983).

  Neither have Defendants alleged facts sufficient to show that the requirements for removal under 28 U.S.C. § 1443 are satisfied. Section 1443(1) provides for the removal of a civil action filed "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States . . . ." Defendants removal purports to "arise[] under Sixth and Fourteenth Amendment to the United State [sic] Constitution for violations of the state court's due process regulations." (Dkt. 1.) Even assuming that the removing defendants have asserted rights provided "by explicit statutory enactment protecting equal racial civil rights," *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (citation omitted), Defendants have not identified any "state statute or a constitutional provision that purports to command the state courts to ignore the federal rights" or pointed "to anything that suggests that the state court would not enforce [defendants'] civil rights in the state court proceedings." *Id.* (citation omitted); *see also Bogart v. California*, 355 F.2d 377, 381-82 (9th Cir. 1966) (holding that conclusionary statements lacking any factual basis cannot support removal under § 1443(1)). Nor does § 1443(2) provide any basis for removal, as it "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights" and on state officers who refuse to enforce discriminatory state laws. *City of Greenwood v. Peacock*, 384 U.S. 808, 824 & 824 n.22 (1966).

  Diversity jurisdiction is lacking, and the case is not removable on that basis either. Every defendant is not alleged to be diverse from every plaintiff, as the Complaint alleges the Plaintiff is a citizen of California and Defendants state in the Notice of Removal that they are citizens of California as well. 28 U.S.C. §§ 1332(a), 1441(b)(2). Moreover, the Complaint does not allege damages in excess of $75,000, and removing Defendants have not plausibly alleged that the amount in controversy requirement has been met. *Id.*; *see Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). The underlying unlawful detainer action is a limited civil action that does not exceed $25,000.